**The below described is SIGNED.**

**Dated: February 4, 2015**

_____
**R. KIMBALL MOSIER**
U.S. Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Valerie Desousa *aka* Valerie Denise De Sousa,<br><br>Debtor. | Bankruptcy Number: 13-32963<br><br>Chapter 7 |
| Stephen W. Rupp, as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Valerie Desousa,<br><br>Defendant. | Adversary Proceeding No. 14-2251<br><br>Judge R. Kimball Mosier |

**MEMORANDUM DECISION**

Stephen W. Rupp, the trustee of the chapter 7 bankruptcy estate of Debtor Valerie Desousa and Plaintiff in the above-captioned adversary proceeding, filed a Motion for Entry of Default Judgment, seeking entry of default judgment against Defendant Valerie Desousa on the Plaintiff's complaint. The complaint requested that the Defendant's discharge be denied pursuant to 11 U.S.C.

§ 727(a)(3), (a)(4)(D), (a)(5), and (a)(6)(A).[1] The Court conducted a hearing on the Plaintiff's motion on January 13, 2015, at which Mark C. Rose appeared on behalf of the Plaintiff. The Defendant did not appear and did not file a response to the motion. Following the Plaintiff's argument, the Court took the matter under advisement. After carefully considering the Plaintiff's motion and oral argument, and after conducting its own independent research of applicable law, the Court hereby issues the following Memorandum Decision denying the Plaintiff's motion for default judgment.

## I.  JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157(a) and (b). The Plaintiff's complaint seeks to deny the Defendant's discharge, which makes this a core proceeding under 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409.

## II.  ANALYSIS

The process to obtain a default judgment proceeds through two steps. First, Federal Rule of Civil Procedure 55(a) requires that the party moving for default judgment show by affidavit or otherwise that the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." In this case, the Plaintiff has completed the first step, and the Clerk of the Court has entered the Defendant's default certificate. Second, once the Clerk has entered the opposing party's default certificate, the moving party must then apply to the Court for a default judgment under Rule 55(b)(2). *See Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished). The Plaintiff's motion concerns that second step, and since the Plaintiff's claim is not for a sum certain, Rule 55(b)(2) applies.

---

[1] All subsequent statutory references are to Title 11 of the United States Code unless otherwise indicated.

2

Default judgments are not favored by the courts. *Katzson Bros. v. U.S. EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988). "'However, a workable system of justice requires that litigants not be free to appear at their pleasure.'" *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 733 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 732 (citation and internal quotation marks omitted). "Decisions to enter judgment by default are committed to the district court's sound discretion." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

Under Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Federal Rule of Bankruptcy Procedure 7012(a) requires that, if a complaint is duly served, the defendant must serve an answer within 30 days after the summons is issued. Here, the summons and complaint have been duly served upon the Defendant, and she has not served an answer. Therefore, the Plaintiff's well-pleaded allegations in the complaint are deemed admitted.

Nevertheless, entry of a default judgment does not follow as a matter of course when a defendant fails to answer a complaint. "[A] default is . . . merely an admission of the facts cited in the [c]omplaint, which by themselves may or may not be sufficient to establish a defendant's liability. . . . [T]he plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Jackson v. Correctional Corp. of Am.*, 564 F. Supp. 2d 22, 26–27 (D.D.C. 2008) (citations and internal quotation marks omitted); *see also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("[T]he Court must find that there

3

is a sufficient basis in the pleadings for the [default] judgment to be entered. A default judgment cannot stand on a complaint that fails to state a claim."). "A request for default judgment may be denied when the complaint is insufficient." *Discover Bank v. Fuentes (In re Fuentes)*, 474 B.R. 497, 500 (Bankr. S.D. Tex. 2012); *see also AT & T Universal Card Servs., Corp. v. Sziel (In re Sziel)*, 206 B.R. 490, 493 (Bankr. N.D. Ill. 1997), *reconsideration denied*, 209 B.R. 712 ("Entry of a judgment of default is discretionary with the trial judge and may be denied where there are insufficient facts to support a cause of action.").

The Plaintiff's complaint alleges causes of action to deny the Defendant's discharge under § 727(a)(3), (a)(4)(D), (a)(5), and (a)(6)(A). "Section 727(a) states that the bankruptcy court shall grant the debtor a discharge, unless a trustee, creditor or the United States trustee timely objects to the granting of the a [sic] discharge, and proves its case under one of the § 727(a) subsections by a preponderance of the evidence." *Bank One v. Kallstrom (In re Kallstrom)*, 298 B.R. 753, 757–58 (B.A.P. 10th Cir. 2003) (citations and internal quotation marks omitted). But due to "the importance of the discharge in bankruptcy, the grounds for denying a discharge as set forth in subsections (1) through (10) of § 727(a) are narrowly construed." *Id.* at 758.

Section 727(a)(3) operates to deny a debtor's discharge when the debtor "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." In order to state a prima facie case under § 727(a)(3), the Plaintiff must demonstrate that the Defendant "had failed to maintain and preserve adequate records and that the failure made it *impossible* to ascertain [her] financial condition." *Gullickson v. Brown (In re Brown)*,

4

108 F.3d 1290, 1295 (10th Cir. 1997). "Section 727(a)(3) does not require a debtor to provide perfect or even complete records." *Blackwell Oil Co. v. Potts (In re Potts)*, 501 B.R. 711, 718 (Bankr. D. Colo. 2013).

The Plaintiff has alleged that the Defendant failed to file her 2013 tax returns and provide copies to the Plaintiff by March 1, 2014, the date by which the Defendant agreed to produce those documents. The Plaintiff has further alleged that as of August 18, 2014, the date this adversary proceeding was commenced, the Defendant had still failed to file the returns and provide copies of them. At the January 13 hearing, the Plaintiff noted that he had received a copy of the Defendant's 2013 federal tax return with a date-stamp of August 29, 2014, but that no copy of the Defendant's 2013 state tax return had been received.

As pleaded, the Plaintiff's complaint contains insufficient facts to support a cause of action under § 727(a)(3). The complaint does not allege that the Defendant's failure to produce copies of her 2013 tax returns made it impossible for the Plaintiff to ascertain her financial condition, which is the standard the Plaintiff must meet under *Brown*. But even if the complaint did make such an allegation, the complaint is currently devoid of any factual averments to support it. Moreover, the Plaintiff has not addressed whether it is impossible to ascertain the Defendant's financial condition now that he has received a copy of the Defendant's 2013 federal tax return. Therefore, the Court will not enter default judgment on the Plaintiff's § 727(a)(3) claim.

A debtor will be denied a discharge under § 727(a)(4)(D) if the debtor "knowingly and fraudulently, in or in connection with the case . . . withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." "Courts have interpreted this provision

as imposing an affirmative duty on the [d]ebtor to cooperate with the trustee by providing all requested documents to the trustee for his review, and failure to do so constitutes grounds for denial of discharge." *Pereira v. Gardner (In re Gardner)*, 384 B.R. 654, 668 (Bankr. S.D.N.Y. 2008) (citation and internal quotation marks omitted). This subparagraph "requires a finding of intent," *id.*, but "[t]he requisite intent to act knowingly and fraudulently may be established by circumstantial evidence, or by inference drawn from a course of conduct." *Fiala v. Lindemann (In re Lindemann)*, 375 B.R. 450, 472 (Bankr. N.D. Ill. 2007) (citation and internal quotation marks omitted). Courts have found that requisite intent in cases when "the debtor's conduct was evasive or persistently uncooperative," or when the debtor "withheld records after numerous requests, or failed to explain the failure to comply with the order to produce documents." *Gardner*, 384 B.R. at 668. By contrast, the requisite intent has not been found when "the records were not available to the debtor through no fault of his or her own." *Id.*

The facts that underlie the Plaintiff's § 727(a)(4)(D) claim are: the Defendant failed to meet the March 1, 2014 deadline to turn over her 2013 tax returns; the Defendant failed to turn over the tax returns in the succeeding months; and the Defendant did not respond to or comply with an order of the Court entered on June 25, 2014 in the Defendant's main bankruptcy case that required the Defendant to turn over copies of her "prepared and filed" 2013 state and federal tax returns by July 9, 2014 (Turnover Order).[2] Although it is true that the Defendant did not meet the March 1, 2014 agreed-upon deadline for production of her 2013 tax returns and did not turn over a copy of her 2013 federal tax return until more than five months later, it is apparent that she could not have produced

---

[2] The Court will address the Turnover Order more comprehensively in the context of the Plaintiff's § 727(a)(6)(A) claim, *infra* pp. 8–9.

6

a copy of her 2013 federal tax return on March 1, 2014 or July 9, 2014 because it was not filed until August 29, 2014. In other words, the Defendant did not withhold a copy of the filed return because there was nothing to withhold at the time. For this reason, the complaint does not allege sufficient facts to support a § 727(a)(4)(D) claim, and the Court will not enter default judgment on that claim.

Under § 727(a)(5), a debtor will be denied a discharge if the debtor "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." "The party 'objecting to a debtor's discharge under § 727(a)(5) has the burden of proving facts establishing that a loss or shrinkage of assets actually occurred.'" *Hunt v. Steffensen (In re Steffensen)*, 511 B.R. 149, 161 (Bankr. D. Utah 2014) (quoting *Potts*, 501 B.R. at 723). The objecting party bears the initial burden of production as to those facts, and "[i]t is insufficient to merely allege that the debtor has failed to explain losses[;] the plaintiff must produce some evidence of an identifiable asset loss." *Sonders v. Mezvinsky (In re Mezvinsky)*, 265 B.R. 681, 689 (Bankr. E.D. Pa. 2001). The asset in question must be a "prepetition asset that could have been used to pay creditors." *Baker v. Reed (In re Reed)*, 310 B.R. 363, 369 (Bankr. N.D. Ohio 2004).

The Plaintiff's complaint does not contain any facts that would support a cause of action under § 727(a)(5). The assets at issue are the Defendant's 2013 tax refunds. The complaint, however, only contains a conclusory allegation that the Defendant has not explained satisfactorily any loss or deficiency of her assets to meet her liabilities, "including the entitlement to or the disposition of 2013 tax refunds." The complaint does not allege that the Defendant received her 2013 tax refunds and disposed of them without a satisfactory explanation. In fact, the Defendant had not even filed her 2013 federal tax return on the date the Plaintiff commenced this adversary proceeding. At the

7

January 13 hearing, the Plaintiff represented that the Defendant's 2013 federal tax return showed an entitlement to a refund of $1,266, but the Plaintiff was unaware of whether the refund was offset by the taxing authorities or whether the Defendant had received the refund. With nothing more than the conclusory allegation regarding the Defendant's 2013 tax refunds, the complaint fails to state a claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

The Plaintiff's last claim for relief is pleaded under § 727(a)(6)(A), which denies a debtor's discharge if the debtor "has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify." The party seeking denial of discharge bears the burden to "demonstrate that the debtor received the order in question and failed to comply with its terms." *Standiferd v. U.S. Trustee*, 641 F.3d 1209, 1212 (10th Cir. 2011) (citation and internal quotation marks omitted). A court "may not deny discharge under § 727(a)(6)(A) unless it finds that the debtor's non-compliance was willful." *Id.*; *see also Gardner*, 384 B.R. at 670 ("[A] mere failure to obey the order, resulting from inadvertence, mistake, or inability to comply, is insufficient; the party seeking revocation must demonstrate some degree or volition or willfulness on the part of the debtor.").

The order the Plaintiff alleges that the Defendant has refused to obey is the Turnover Order. Among other things, that order required the Defendant to turn over to the Plaintiff, within 14 days after the order was entered on the docket,[3] full and complete copies of her "prepared and filed State and Federal 2013 income tax returns and turnover of any and all refunds immediately upon receipt."

---

[3] The Turnover Order was entered on June 25, 2014 as docket number 32 in the Defendant's main bankruptcy case. Fourteen days from June 25, 2014 was July 9, 2014. *See* Fed. R. Bankr. P. 9006(a)(1).

A "lawful order of the court" under § 727(a)(6)(A) is "any command, direction, or instruction issued by a court which is permitted by law." *Standiferd*, 641 F.3d at 1213. The Turnover Order falls squarely within that definition. But the Court disagrees with the Plaintiff's interpretation of the Turnover Order. It was not a command to the Defendant to file her 2013 tax returns *and* provide copies to the Plaintiff within 14 days. Instead, the requirement to turn over copies of prepared and filed 2013 tax returns was based on the implicit assumption that the Defendant had already prepared and filed those tax returns. Therefore, the Defendant did not violate the Turnover Order by failing to provide copies of her prepared and filed 2013 tax returns by July 9, 2014 because the returns had not yet been filed. Consequently, the complaint fails to state a claim under § 727(a)(6)(A).

### III. CONCLUSION

On a motion for entry of default judgment, the Court must find that the complaint contains sufficient facts to support the causes of action alleged therein. The Court concludes that the Plaintiff's complaint does not meet this standard as to any of the causes of action the Plaintiff has alleged. Therefore, the Court will not enter default judgment against the Defendant. The Court will issue a separate Order in accordance with this Memorandum Decision.

_____END OF DOCUMENT_____

_____ooo0ooo_____

<b>DESIGNATION OF PARTIES TO RECEIVE NOTICE</b>

   Service of the foregoing **MEMORANDUM DECISION** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

Stephen W. Rupp  rupptrustee@mbt-law.com, UT03@ecfcbis.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Valerie Desousa
3965 South 700 West
Salt Lake City, UT 84123